IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| GARNETT SMITH | * | Criminal No.: JKB-12-479 |
| Petitioner | * | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. SECTION 3582(c)**

The United States, by undersigned counsel, files this response to the *pro se* Motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. ECF No. 219. The Government moves to dismiss the petition and asks this Court to deny the relief requested. Petitioner was previously denied Amendment 782 sentencing reduction on June 7, 2017. Therefore, the instant motion is a successive petition for relief under 18 U.S.C. § 3582(c) and should be dismissed.

**FACTS**

On October 10, 2013, Petitioner pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846. At sentencing, this Court determined that Petitioner's base offense level was 38 under U.S.S.G. § 2D1.1. When combined with other guideline applications, Petitioner's final offense level was calculated to be 39. At the established criminal history category III, this resulted in an original sentencing range of 324- 405 months. On January 30, 2014, Petitioner was sentenced to 300 months' imprisonment, pursuant to a Rule 11(c)(1)(C) plea agreement.

1

On August 11, 2016, Petitioner filed a Motion to reduce his sentence under 18 U.S.C. § 3582(c), pursuant to U.S.S.G § 2D1.1 as amended by Amendment 782, and made retroactive by U.S.S.G. § 1B1.10(d). Under Amendment 782, the base offense level for offenses involving more than 1,000 kilograms of cocaine was still 38. Therefore, with all other guidelines applications unaffected, Petitioner's final offense level remained 39. On June 7, 2017, this Court denied Petitioner's motion. EFC No. 206.

Because Petitioner was previously denied relief pursuant to Amendment 782, the government contends that the instant motion is a successive motion under Section 3582(c)(2). Thus, Petitioner's motion should be dismissed outright.

## ARGUMENT

**I.**     **Petitioner's instant motion under 18 U.S.C. § 3582(c)(2) is a successive motion and should be dismissed.**

Pursuant to 18 U.S.C. § 3582(c), district courts are divested of jurisdiction to modify a sentence except in cases which are specifically authorized by the statute. 18 U.S.C. § 3582(c); *see also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here "is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to the statute's general rule that 'the court may not modify a term of imprisonment once it has been imposed.'"). One pertinent exception to that rule occurs when the Sentencing Commission retroactively amends the Guidelines range for an offense. *Id*. § 3582(c)(2). When that occurs, the district court is permitted to reduce an otherwise final sentence that was previously based on the original provision. *Id*.; *Dillon v. United States*, 560 U.S. 817, 821 (2010).

A district court is not authorized; however, to entertain a second successive § 3582(c)(2) motion based on the same guideline amendment. *United States v. Goodwyn*, 596 F.3d. 233, 236 (4th Cir.) ("When the Sentencing Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision."). Thus, the district court has one — and only one — opportunity to modify a petitioner's sentence based on the retroactive amendment. *United States v. Mann*, 435 Fed. Appx. 254, 256 (4th Cir. 2011) ("When the Sentencing Commission retroactively lowers the Guidelines range, the scheme that § 3582(c) establishes provides a district court with one — and only one — opportunity to apply the amendment to the Guidelines and modify the sentence."); *see also Goodwyn*, 596 F.3d at 236 (holding that the district court lacked the proper authority to further reduce Goodwyn's sentence after previously granting his § 3582(c)(2) motion.).

Since the Court's ruling in *Goodwyn*, the Fourth Circuit has issued several opinions consistent with the proposition that district courts lack the proper authority to consider a successive motion under 3582(c). *Mann*, 435 Fed. Appx. 254, 256 (2011) ("Accordingly, the rule we announced in *Goodwyn* still stands. [. . .] The district court lacked jurisdiction to grant Mann's motion to reconsider after its original denial of his motion for a sentence reduction."); *United States v. May*, 855 F.3d 271 (2017) (concluding that the implied prohibition on § 3582(c)(2) motions is non-jurisdictional and thus subject to waiver, but noting that under the statute "a defendant cannot obtain relief on the basis of [successive motions and motions for reconsideration]."); *United States v. Grimes*, 691 Fed. Appx. 127 (2017) (acknowledging that the

3

district court lacked the authority to reconsider its ruling on a § 3582(c)(2) motion but finding that the prohibition was non-jurisdictional and thus waived when the government failed to raise the issue in the lower court); *United States v. Benjamin*, 693 Fed. Appx. 259 (2017) (same); *United States v. Roman*, 703 Fed. Appx. 203 (2017) (same); *United States v. Henry*, 707 Fed. Appx. 207 (2017) (same); *see also, e.g., Wesley v. United States*, No. 1:97CR382, 2016 WL 11186971, at *3 (E.D. Va. Sept. 15, 2016) (finding that the district court was not permitted to rule on a motion to reconsider its previous decision to deny a modification of sentence pursuant to § 3582(c)(2)).

In the instant case, the district court previously denied Petitioner's first motion for relief, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (ECF No. 206). One year and ten months later, on April 12, 2019, Petitioner filed the instant Motion for Reduction of Sentence. ECF No. 219. In his motion, Petitioner again contends that his sentence should be reduced as a result of Amendment 782 to the drug quantity guidelines. *Id*. Thus, to the extent that Petitioner asks this Court to reconsider his eligibility for a reduced sentence pursuant to Amendment 782, this Court lacks the proper authorization to do so based on the Fourth Circuit's holding in *Goodwyn*. 596 F.3d at 236.[1]

---

[1] The Government's position additionally promotes the interests of finality in sentencing and conforms to the principal intent of 18 U.S.C. § 3582(c) to limit post-judgment sentence modifications. *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997); *see e.g., Johnson v. United States*, 544 U.S. 295, 309 (2005) ("[T]he United States has an interest in the finality of sentences imposed by its own courts."); *United States v. Fields*, 552 F.3d 401, 405 (4th Cir. 2009) ("Congress limited the reach of [Federal Rule of Criminal Procedure 35, which governs sentence modification,] because it wanted to promote openness and finality in sentencing."); *United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008) ("Finality is an important attribute of judgments and, typically, once a pronounced sentence in a criminal case becomes final and unappealable, it may not be modified."); *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2nd Cir. 1995) ("As a result of Congress' desire to provide finality to sentencing, ... [the district court may not act upon] second thoughts [regarding the severity of a defendant's sentence], no matter how well intentioned."); *see also Goodwyn*, 596 F.3d at 235 (quoting *Cunningham*, 554 F.3d at 708) ("[T]here "is no 'inherent

**II.     The Supreme Court's decision in *Hughes v. United States* has no effect on Petitioner's eligibility for a § 3582(c)(2) sentence reduction.**

The Supreme Court's decision in *Hughes* has no effect on the above analysis. In *Hughes*, the Supreme Court held that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is "based on" the sentencing range – and therefore can be modified under § 3582(c)(2) – "so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775.[2]

---

authority' for a district court to modify a sentence as it pleases"); *United States v. Aguirre*, 214 F.3d 1122, 1124 (9th Cir. 2000) ("While district courts generally have 'inherent authority' to decide motions for reconsideration and rehearing of orders in criminal proceedings, 18 U.S.C. § 3582 (1994) expressly limits the court's authority in sentencing.").

[2]  The Court also stated, however: "[t]o be sure, the Guidelines are advisory only, and so not every sentence will be consistent with the relevant Guidelines range." *Id*. at 1776. As such, a petitioner is not eligible for relief where there is "a clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Id*. *See also Molina-Martinez v. United States*, 136 S.Ct. 1338, 1346 ("The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range"). The Court noted one exception where the district court "discarded their sentencing ranges in favor of mandatory minimums and substantial-assistance factors." *Id*. (quoting *Koons v. United States*, 138 S. Ct. 1783, 1789 (2018).

   Notably, the Supreme Court wrote in *Koons*:

   It is true that our cases require sentencing judges to calculate the now-advisory Guidelines range in every sentencing proceeding. And it is true that many judges use those ranges as "the foundation of [their] sentencing decisions." *Hughes*, ⸺ U.S, at ⸺, 138 S.Ct., at 1774-1775, ante.

   But it does not follow that any sentence subsequently imposed must be regarded as "based on" a Guidelines range. What matters, instead, is the role that the Guidelines range played in the selection of the sentence eventually imposed—not the role that the range played in the initial calculation.

*Koons*, 138 S. Ct. at 1789. Ultimately, with respect to § 3582(c)(2) motions, "[i]f the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower range, then the court retains discretion to deny relief." *Hughes*, 138 S. Ct. at 1778.

Here, Petitioner did plead guilty under a Rule 11(c)(1)(C) plea agreement. Nevertheless, *Hughes* does not negate the requirement that a defendant can only receive a sentence reduction if he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As discussed above, Petitioner's criminal activity involved "more than 1,000 kilograms of cocaine." Pursuant to U.S.S.G. § 2D1.1 as amended by Amendment 782, the base offense level for offenses involving 450 kilograms or more of cocaine remains 38. Therefore, leaving all other guidelines applications unaffected, Petitioner's final offense level remains 39. Consequently, Amendment 782 does not have the effect of lowering Petitioner's applicable guidelines range and he is ineligible for a sentencing reduction.

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, the Government respectfully requests that

---

Moreover – as has long been established – the Court also retains discretion to decide whether a reduction is "warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. In making this determination, the district court must "consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

this Court dismiss Petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

                                        Respectfully submitted,

                                        Robert K. Hur
                                        United States Attorney

By:                            _____/s/_____
                                        Shabnam Aryana
                                        Special Assistant United States Attorney


                                        _____/s/_____
                                        David I. Salem
                                        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on March 25, 2020, a copy of the foregoing Motion was mailed to:

Garnett Smith, #54853-037
Brooklyn MDC
P.O. Box 329002
Brooklyn, NY 11232

                                            By:            /s/
                                                    Shabnam Aryan
                                                    Special Assistant United States Attorney