IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * Crim. No. JKB-12-479 |
| GARNETT GILBERT SMITH, | * |
| Defendant. | * |

## MEMORANDUM AND ORDER

Before the Court is Garnett Gilbert Smith's Motion for Compassionate Release. (ECF No. 233). Mr. Smith, through counsel, supplemented that Motion and the Government has responded. (ECF Nos. 241, 249, 250, 251.) For the reasons stated herein, Mr. Smith's Motion will be granted in part. His sentence will be reduced to a term of imprisonment of 240 months (20 years) to be followed by five years of supervised release.

I. BACKGROUND

On October 10, 2013, Mr. Smith pled guilty to Count One of the Superseding Indictment, Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846, pursuant to a Rule 11(c)(1)(C) plea agreement. (ECF Nos. 92, 93.) Mr. Smith admitted receiving large shipments of cocaine from co-conspirators in California, which he sold in Baltimore; the volume of cocaine exceeded 1000 kilograms. (ECF No. 93 at 4.) He was the organizer and leader of this criminal enterprise. (*Id.*) Mr. Smith profited handsomely, on the order of millions, and lived a lavish lifestyle. (ECF No. 249 at 1.) As part of his criminal prosecution, he forfeited property valued at more than $6 million. (*Id.*) He was not, however, charged with

any violence in relation to this drug trafficking scheme, nor is there any non-speculative suggestion that Mr. Smith directed or participated in any violence. (ECF No. 241 at 3.)

In his Motion, Mr. Smith requests to have his sentence reduced to 170 months or time served. (ECF No. 233 at 1.)

## II.  LEGAL STANDARD

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this provision, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A petitioner may move for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*[1]

## III.  EXTRAORDINARY AND COMPELLING

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is "consistent with applicable policy statements issued by the Sentencing Commission." Until recently, and when Mr. Smith's Motion was filed, there were no potentially "applicable policy statements issued by the Sentencing Commission" regarding sentence reductions. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020). The then-existing Guidelines predated the First Step Act and the compassionate release provision failed to contemplate a scenario where a detainee moved on their own behalf. *Id.* at 276–82 ("[Guideline § 1B1.13] was adopted before the First

---

[1] Mr. Smith's submissions show he has exhausted his administrative remedies (ECF No. 233 at 3) and the Government makes no argument to the contrary.

Step Act, and the Sentencing Commission has not updated it to account for the fact that the Act now allows defendants to file their own motions for compassionate release."). The Fourth Circuit, therefore, concluded that the Sentencing Commission's then-extant sentence reduction policy statement (§ 1B1.13) was not binding on district courts. *Id.* at 283. Therefore, district courts could "consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (emphasis in original) (quotation and citation omitted).

Newly amended Sentencing Guidelines went into effect on November 1, 2023. U.S. Sent'g Comm'n, Guidelines Manual (Nov. 2023).[2] The new § 1B1.13 includes a catchall provision, "Other Reasons." U.S.S.G. § 1B1.13(b)(5). This provision states that a Court may find an extraordinary and compelling reason for relief if the "defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

This catchall maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release. When describing the reasoning behind the provision, the Commission stated that it "determined that, by retaining a broad catchall provision that allows for consideration of reasons similar in gravity to those enumerated in the policy statement, courts would have both *discretion* and guidance necessary to grant reductions in *any* appropriate case."[3] Indeed, the catchall provision is a nod to *McCoy*, and other similar precedents,[4] indicating that it is intended to largely maintain the status quo. Accordingly, in

---

[2] The new Guidelines do consider detainee-filed compassionate release motions post-First Step Act. U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A) . . .").
[3] *2023 Amendments in Brief*, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (emphasis added).
[4] *Id.* (describing the amendment as "reflect[ing] the reasons relied upon by many courts [for compassionate release] after passage of the First Step Act in the absence of a binding policy statement").

assessing a motion for compassionate release, the Court will "consider *any* extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (emphasis in original) (citation and quotations omitted).

After having reviewed Mr. Smith's submissions, the Court has concluded that extraordinary and compelling circumstances exist justifying a sentence reduction. Specifically, Mr. Smith's sentence length is extraordinarily excessive and disproportionate. Taking this into account, along with the totality of the Mr. Smith's submissions and circumstances, the Court concludes that Mr. Smith has satisfied this requirement.

First, Mr. Smith's sentence is excessive and disproportionate. Mr. Smith was given a 25-year (300 month) sentence for a non-violent drug offense. While the Court is mindful of the scale of Mr. Smith's drug operation, the lack of violence makes Mr. Smith's actions fundamentally different from those who do participate in violence, particularly fatal violence. There is no question that Mr. Smith's actions harmed people in Baltimore, warranting a serious sentence. But a 25-year sentence is not appropriately reflective of relative harms; non-violent crimes are less serious than violent crimes. U.S. Sent'g Comm'n, Statistical Information Packet, Fiscal Year 2022: Fourth Circuit, Table 7[5] (listing Fourth Circuit average sentence lengths in months for assault (100 months), drug trafficking (89 months), kidnapping (226 months), murder (304 months) and sexual abuse (211 months)).[6] Mr. Smith's current 300 month sentence is longer than many murder sentences; indeed, nationally the average sentence for murder is only 261 months (21.75 years), 39 months less than Mr. Smith's current sentence. (*See id.*)

---

[5] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2022/4c22.pdf.
[6] To be clear, the scale of Mr. Smith's operation and his leadership role in it unquestionably differentiate him from the average drug trafficker. For this reason, the Court concludes below that a 240-month sentence (a sentence nearly thrice the length of the average drug trafficking sentence in the Fourth Circuit) satisfies the § 3553(a) factors.

4

Further, one of Mr. Smith's co-conspirators, Antonio Lamont Johnson, initially received a 156-month sentence (13 years), which was later reduced to 120 months (10 years). (ECF Nos. 78, 199.) Because Mr. Smith was the leader of the enterprise, a disparity in his and Mr. Johnson's sentences is certainly warranted. However, a sentence more than double that of a co-conspirator is not warranted in these circumstances. *See United Stated v. Eccleston*, 573 F.Supp.3d 1013, 1017 (D. Md. 2021) (agreeing that a disparity between the sentences of co-defendants can constitute "an extraordinary and compelling circumstance that justifies a sentence reduction").

Second, while the Court can consider *any* extraordinary and compelling reason for a sentence reduction, the Court notes that the Sentencing Guidelines favor the Court's conclusion here. U.S.S.G. § 1B1.13(b)(3)(C) provides that the "incapacitation of the defendant's parent when the defendant would be the only caregiver for the parent" can be an extraordinary and compelling justification for sentence reduction. Mr. Smith has noted that his mother is elderly and in need of assistance. (ECF No. 233 at 29.) Likewise, under certain circumstances, admittedly not present here, the Guidelines contemplate a sentence reduction where the defendant received "an unusually long sentence and has served at least 10 years of the term of imprisonment." *Id.* § 1B1.13(b)(6). Further, while the Guidelines do not suggest that rehabilitation *alone* can be an extraordinary and compelling reason, they do suggest that rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* § 1B1.13(d). As noted below, Mr. Smith has taken significant positive rehabilitative steps. (ECF No. 233 at 6–11.)[7]

---

[7] To be clear, neither Mr. Smith's unsubstantiated claim regarding his mother's health, nor his rehabilitation alone or together would be grounds for compassionate release. The Court notes these circumstances to demonstrate that this decision is in concert with the applicable Sentencing Commission Policy Statement only. Additionally, because the Court does not rely on the existence of the purported threat to Mr. Smith's health and safety (*see* ECF No. 241 at 3–4) the Court will not further address the Parties' respective arguments regarding that issue.

Taking all of Mr. Smith's submissions into account, the Court concludes that extraordinary and compelling circumstances are present here. Accordingly, having determined that a sentence reduction is warranted given the totality of the circumstances, the Court will proceed to the next step of the analysis.

## IV.   18 U.S.C. § 3553(a) FACTORS

Having concluded that extraordinary and compelling circumstances are present in this case, the Court will turn to the § 3553(a) factors. Under § 3553(a), the Court imposes "a sentence sufficient, but not greater than necessary," after considering (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide deterrence and just punishment, and protect the public, (3) the kinds of sentences available, (4) applicable Sentencing Guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities, and (7) the need to provide restitution to any victims.

Considering the § 3553(a) factors, the Court concludes that the sentence that is sufficient but not greater than necessary to fulfill the relevant sentencing goals is 240 months (20 years), to be followed by 5 years of supervised release. This represents a five-year reduction in Mr. Smith's sentence and leaves his supervised release period unchanged.

Turning first to the nature and circumstances of the offense and the history and characteristics of the petitioner, the Court is particularly mindful of the fact that there is no evidence that Mr. Smith engaged in any violence or possessed any firearms. *See United States v. Braxton*, Crim Nos. JKB-09-478, JKB-15-408, 2020 WL 4748536, at *4 (D. Md. Aug. 17, 2020) (reducing a sentence to 168 months for a nonviolent offender who "was convicted of possessing

6

substantial quantities of heroin with the intent to distribute"). While Mr. Smith's choice to infuse illegal drugs into the Baltimore community is abhorrent, the fact that it was non-violent is significant. Further, while Mr. Smith has not experienced the extreme deprivation present in the history of many defendants before this Court, the Court takes notice of difficulties in his past, which may have negatively influenced his decision making. (*See* ECF No. 233-14.) The Court also notes the many letters of support and admiration written by Mr. Smith's friends and family. (ECF Nos. 233-3, 233-4, 233-5, 233-6, 233-7, 233-8, 233-9, 233-10, 233-11, 233-12, 233-13, 233-15, 233-16, 233-17, 241-1, 250-2, 251.) This community support weighs in Mr. Smith's favor. *See United States v. Elzey*, Crim. No. JKB-09-0288, 2022 WL 316717, at *4 (D. Md. Feb. 2, 2022) (noting the defendant's character letters and strong familial relationships).

Further, Mr. Smith has taken significant rehabilitative steps, which weigh in favor of a reduced sentence. He has devoted significant time to his education and vocational training.[8] He also has lawful employment lined up after his release, and significant support from his community. (ECF Nos. 233-4 (offering reentry support); 233-7 (offering "guaranteed employment"); 233-11 (offering "a full-time dispatching position upon his release")); *see United States v. Buckson*, Crim. No. ELH-17-0232, 2021 WL 849107, at *9 (D. Md. March 4, 2021) (granting compassionate release and noting that the defendant had "three different offers of employment"). Collectively, the nature of the offense and Mr. Smith's characteristics argue in favor of a significant sentence that is nonetheless reflective of the lack of violence and Mr. Smith's ability to lead a lawful life post imprisonment.

---

[8] The Government suggests that choosing to engage with educational opportunities is more commonplace than extraordinary. (ECF No. 249 at 3.) Hopefully this is correct, but the Court does not consider Mr. Smith's educational achievements as part of its analysis into whether extraordinary and compelling circumstances exist, but rather as part of its investigation into Mr. Smith's characteristics under § 3553.

7

Turning to the need for the sentence to reflect the seriousness of the offense, provide deterrence, promote respect for the law, and protect the public, the Court again considers both the scale and the non-violence of Mr. Smith's enterprise. Unquestionably, significant deterrence is necessary to demonstrate to the public that even if operating such an organization might be extremely profitable (as it apparently was for Mr. Smith) such behavior is not worth it. However, the Court is again mindful of Mr. Smith's lack of violence and the fact that penalizing non-violent defendants more than many violent defendants may fail to adequately deter violent behavior. Similarly, while it is important to protect the public from importation of illegal drugs, there does not appear to be a serious concern that Mr. Smith poses a real risk to public safety upon release, as reflected in his limited infractions during incarceration[9] and positive assessment from the BOP. (ECF No. 233-2 ("Unit Team believes Mr. Smith will be a productive member of society upon his release.")); *See Elzey*, 2022 WL 316717, at *4 (granting compassionate release despite "numerous" infractions where the defendant had been free of serious violations for six years).

Turning to the Sentencing Commission, the Court has already considered policy statements as applicable to Mr. Smith above and concluded that they warrant a sentence reduction. Additionally, the Court is confident that a term of imprisonment, as opposed to any other type of sentence, is necessary as a deterrent. The Sentencing Guidelines recommend a sentence between 324 and 405 months (27 to 33 years). (ECF No. 249 at 2.)[10] The Court acknowledges and considers the Guidelines range. However, given all of the other factors that the Court is bound to

---

[9] The Government notes that while Mr. Smith's motion was pending he incurred two additional infractions, bringing his total number of infractions to four in approximately 11 years. (ECF No. 249 at 3.) The Court has considered Mr. Smith's disciplinary record and his explanations for the information therein, as well as the Government's commentary on the subject, and BOP's assessment of Mr. Smith and finds that the disciplinary record is not serious enough to disturb the Court's broader conclusions herein.

[10] The Court has reviewed the Guidelines computation from Mr. Smith's presentence report (ECF No. 97) and concluded that the total offense level of 39 and a criminal history category of III were, and are, correct. Mr. Smith does not dispute the calculation. (ECF No. 233 at 6.)

consider, the Court finds the applicable range inappropriate and concludes that a variance below that range is warranted in this particular circumstance.

Indeed, the need to avoid unwarranted sentencing disparities is a central consideration for the Court weighing in favor of a reduction below the relevant guidelines. As explained above, Mr. Smith's 25-year sentence is more than double that of one of his co-conspirators. Again, while a longer sentenced is warranted for the leader of the illegal enterprise, a sentence more than double is inappropriately disproportionate in this circumstance. Similarly, the 25-year sentence is longer than the average sentence for murder nationwide, as discussed above. Without minimizing Mr. Smith's pernicious influence on the community, his actions are not as severe as the actions of individuals who commit life-ending violence. To punish Mr. Smith more than the average murderer is the type of unwarranted sentencing disparity that should be avoided.[11]

Weighing all of the § 3553(a) factors, the Court concludes that a sentence of 240 months (20 years) with 5 years of supervised release is sufficient but not greater than necessary to serve the statutory purposes. Accordingly, Mr. Smith's Motion will be granted in part.

## V.   CONCLUSION

For the reasons stated herein, Mr. Smith's Motion for Compassionate Release (ECF No. 233) is GRANTED IN PART. An Amended Judgment WILL ISSUE, reducing Mr. Smith's sentence to a term of imprisonment of 240 months (20 years) to be followed by five years of supervised release. In all other respects, Mr. Smith's Motion is DENIED.

---

[11] Neither the Government nor Mr. Smith discuss the need to provide restitution to any victims or need for further training or treatment. Since no victims are identified, and it appears the Government thoroughly pursued forfeiture, the Court does not find this factor significant to its analysis. (*See* ECF 249 at 1 and Ex. 1 (describing forfeited property).) Additionally, Mr. Smith will remain incarcerated at this time and able to continue pursuing education and vocational opportunities for the remainder of his sentence.

DATED this __21__ day of February, 2024.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge